## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NAKIA WILLIAM GARRUS,

> Petitioner,

v.

MORRIS HOUSER,

> Respondent.

No. 4:21-CV-01580

(Chief Judge Brann)

## MEMORANDUM OPINION

### JUNE 7, 2022

Petitioner Nakia Williams Garrus is currently incarcerated at the State Correctional Institution, Benner Township (SCI Benner), in Bellefonte, Pennsylvania.  He filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to challenge various decisions made by the Pennsylvania Board of Probation and Parole (Parole Board).  Because Garrus's Section 2254 petition fails to implicate cognizable constitutional concerns or violations of federal law, the Court must deny his petition.

## I. BACKGROUND

The factual background of this case is set forth in painstaking detail in the February 3, 2021 decision of the Commonwealth Court of Pennsylvania.[1]  The Court need not repeat this lengthy and complicated factual history; rather, the

---

[1] *See Garrus v. Pa. Bd. of Prob. & Parole*, No. 198 C.D. 2020, 250 A.3d 544, 2021 WL 359680, at *1-3 (Pa. Commw. Ct. Feb. 3, 2021) (table) (nonprecedential).

Court will simply adopt and incorporate it herein, as Garrus does not assert that the state court made any factual errors.

In the Commonwealth Court, Garrus raised three challenges regarding decisions by the Parole Board: "(1) whether the [Parole] Board erred by failing to grant him credit for the time he spent at liberty on parole; (2) whether the [Parole] Board erred by requiring him to serve his new sentence consecutively to his original sentence; and (3) whether the [Parole] Board erred by altering his judicially imposed sentence."[2] The Commonwealth Court affirmed the Parole Board on all three claims.[3] These challenges are, not coincidentally, nearly identical to the issues Garrus asserts in his Section 2254 petition. The problem, however, is that his claims do not implicate that he is "in custody in violation of the Constitution or laws . . . of the United States."[4] Accordingly, for the following reasons, the Court will deny Garrus's Section 2254 petition.

## II.   DISCUSSION

A federal habeas court does not sit as a court of appeals for state-court adjudications on state-law issues.[5] Federal habeas courts are statutorily limited in

---

[2]   *Id.* at *1.

[3]   *See id.* The Supreme Court of Pennsylvania denied Garrus's petition for allowance of appeal several months later. *Garrus v. Pa. Bd. of Prob. & Parole*, No. 109 MAL 2021, 261 A.3d 1031 (Pa. Aug. 24, 2021) (*per curiam*) (table).

[4]   28 U.S.C. § 2254(a).

[5]   *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

jurisdiction, and may only "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only on the ground* that he is in custody in violation of the Constitution or laws or treaties of the United States."[6]  Simply put, state-law errors do not create a basis for federal habeas corpus relief.[7]

Even when questions of federal law are adjudicated on the merits in state court, a federal court's power to grant habeas relief for a state criminal conviction is narrowly circumscribed by Section 2254(d).  That provision precludes habeas relief unless the state court's adjudication of the federal claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[8]

It is clear from reviewing Garrus's Section 2254 petition and memorandum of law that he misunderstands this Court's jurisdiction.  Garrus opens his memorandum by "petition[ing] this Court . . . for review of the Commonwealth Court['s]" February 3, 2021 decision affirming the Parole Board.[9]  Although Garrus states in conclusory fashion that he is "alleging Eighth and Fourteenth

---

[6]  28 U.S.C. § 2254(a) (emphasis added).
[7]  *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010).
[8]  28 U.S.C. § 2254(d); *Wilson*, 562 U.S. at 5-6.
[9]  Doc. 2 at 1.

Amendment" violations,[10] he does not explain how his claims of Parole Board error implicate constitutional concerns.  Garrus additionally styles his memorandum like an appellate brief or a petition for allowance of appeal, further implying that he is seeking appellate review (or something like it) of the state-agency and state-court decisions.[11]  He lists three "Questions Presented for Review," all of which assert that the Parole Board or Commonwealth Court erred in some way in their respective decisions.[12]  Those issues are:

1.  Whether the [Parole Board] lacks statutory authority to revoke street time credit previously granted to a parolee as a technical parole violator (TPV) when it subsequently recommits the parolee as a convicted parole violator.

2.  Whether the [Parole] Board erred by not allowing Petitioner to serve his new sentence concurrently with his original sentence.

3.  Whether the Board erred by altering his judicially imposed sentence and did the Commonwealth Court err in concluding that Petitioner had waived his argument that the [Parole] Board lacked authority to change his judicial sentence when the issue was apparently raised in his administrative appeal as it was clearly addressed by the Parole Board in its response.[13]

    The Court declines to review the decision of the Commonwealth Court (or the Parole Board) because it does not have the authority or jurisdiction to do so. Federal habeas courts cannot "reexamine state-court determinations on state-law

---

[10]  *See id.*
[11]  *See generally* Doc. 2.  Regardless of styling, the Court will endeavor to determine whether Garrus raises any cognizable federal habeas claims in his petition.
[12]  *Id.* at 5.
[13]  *Id.*

questions."[14]  Garrus's "Questions Presented for Review" plainly implicate state-law issues as determined by a state agency and affirmed by a state court on appeal. None of his claims involve a federal question or constitutional claim, which is likely why the only supporting law Garrus cites in his petition is Pennsylvania statutory and case law regarding parole determinations.[15]  This Court cannot, and will not, review for error the state-law determinations of the Parole Board or the Commonwealth Court.

Applying exceedingly liberal construction, it is possible that Garrus is asserting that the Parole Board's decisions were arbitrary, thus violating his substantive due process rights under the Fourteenth Amendment.[16]  The Fourteenth Amendment's due process clause "contains a substantive component that bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them."[17]  With respect to parole determinations, the United States Court of Appeals for the Third Circuit has held that a parole board's decision can violate an inmate's substantive due process rights if it applies "standards that are divorced from the policy and purpose of parole" or other

---

[14]  *Estelle*, 502 U.S. at 67-68.

[15]  *See* Doc. 2 at 3 (table of authorities).

[16]  *See* Doc. 10-1 at 34-35, 36 (Garrus alleging, as part of his administrative appeal, "substantive due process" violations by Parole Board).

[17]  *Newman v. Beard*, 617 F.3d 775, 782 (3d Cir. 2010) (quoting *Zinermon v. Burch*, 494 U.S. 113, 125 (1990)).

"impermissible criteria."[18]  Specifically, the specter of a substantive due process violation is raised only when "a parole board considers a factor that 'shocks the conscience.'"[19]  If, however, there is "some basis" for the parole board's decision, and that basis is not "constitutionally impermissible" or conscience shocking, a substantive due process challenge must fail.[20]

The only decision that could possibly be considered a potential substantive due process issue is the Parole Board's imposition of 12 months' "backtime" for Garrus's new conviction of unsworn falsification to authorities.[21]  This 12-month backtime determination exceeded the regulatory presumptive range of 3 to 6 months.[22]  However, the Parole Board provided ample justification for its upward deviation from the presumptive range, basing its decision on "Garrus's poor adjustment to supervision, early failure on parole, failure to comply with sanctions, prior parole violations, and declaration of delinquency."[23]  There is nothing conscience shocking, impermissible, or arbitrary about this determination.

---

[18]  *See Block v. Potter*, 631 F.2d 233, 236 & n.2, 238, 240 (3d Cir. 1980); *see also Burkett v. Love*, 89 F.3d 135, 139 (3d Cir. 1996) ("In *Block*, the . . . panel majority concluded that in [using arbitrary criteria for denying parole], the [Parole Board] violated substantive due process in grounding its action on constitutionally impermissible reasons." (internal quotation marks omitted)).

[19]  *Holmes v. Christie*, 14 F.4th 250, 267 (3d Cir. 2021) (quoting *Newman*, 617 F.3d at 782).

[20]  *See Coady v. Vaughn*, 251 F.3d 480, 487 (3d Cir. 2001).

[21]  All other issues asserted by Garrus in the Commonwealth Court and in his instant petition deal with legal determinations regarding Pennsylvania law and Parole Board authority.  These claims do not fall within this Court's habeas jurisdiction.

[22]  *See Garrus*, 2021 WL 359680, at *3.

[23]  *Id.*

None of Garrus's other claims regarding Parole Board or Commonwealth Court error are cognizable on habeas review.  Accordingly, the Court must deny Garrus's Section 2254 petition.

## III.   CONCLUSION

For the foregoing reasons, the Court will deny Garrus's petition for a writ of habeas corpus under 28 U.S.C. § 2254.  The Court will likewise deny a certificate of appealability, as Garrus has failed to make a substantial showing of the denial of a constitutional right.[24]  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[24]   *See* 28 U.S.C. § 2253(c)(2).